UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:15-cr-00040-JAW-3 |
| ) | |
| JERMAINE MITCHELL, a/k/a ) | |
| MELO a/k/a MB ) | |

### ORDER AFFIRMING THE RECOMMENDED DECISION
### OF THE MAGISTRATE JUDGE

The Court affirms the Magistrate Judge's recommended decision that law enforcement initial questioning of the defendant at a public bus stop did not constitute a seizure and that once the defendant admitted he possessed illegal drugs, the officer had probable cause to arrest the defendant and to perform a search incident to arrest.

**I.    BACKGROUND**

On February 12, 2015, a federal grand jury indicted Jermaine Mitchell, alleging that he participated in a conspiracy to distribute 280 grams or more of cocaine base, an alleged violation of 21 U.S.C. § 841(a)(1). *Indictment* (ECF No. 3). On April 6, 2015, Mr. Mitchell filed a motion to suppress evidence and an amended motion to suppress evidence. *Mot. to Suppress Evid.* (ECF No. 167); *Corrected Mot. to Suppress Evid.* (ECF No. 168). The Government responded on May 22, 2015. *Gov't's Obj. to Def.'s Mot. to Suppress* (ECF No. 197). On June 25, 2015, Mr. Mitchell filed an amended motion to suppress evidence. *Revised Mot. to Suppress Evid.* (ECF

No. 224) (*Def.'s Mot.*). The Government responded on July 16, 2015. *Gov't's Obj. to Def.'s Revised Mot. to Suppress* (ECF No. 235) (*Gov't's Opp'n*).

The Magistrate Judge held a suppression hearing on September 3, 2015. *Min. Entry* (ECF No. 271). On October 6, 2015, the Magistrate Judge issued a recommended decision in which he recommended that the motion to suppress be denied. *Recommended Decision on Mot. to Suppress Evid. (ECF No. 224)* (ECF No. 307). Mr. Mitchell filed an objection on October 16, 2015. *Obj. to Recommended Decision of the Magistrate Judge* (ECF No. 313) (*Def.'s Obj.*). A transcript of the suppression hearing was filed on November 18, 2015. *Tr. of Proceedings* (ECF No. 324) (*Tr.*).

In his motion, Mr. Mitchell sought to suppress evidence that law enforcement obtained as a result of what Mr. Mitchell claimed was an illegal detention and illegal warrantless search at the Greyhound Bus Station in Portland, Maine on August 29, 2013. *Def.'s Mot.* at 1-5. At the suppression hearing of September 3, 2015, Maine State Trooper Scott Quintero testified. *Tr.* 4-48. In the Recommended Decision, the Magistrate Judge made twenty factual findings. *Recommended Decision* at 1-3. Based on those factual findings, the Magistrate Judge concluded that Trooper Quintero's initial stop of Mr. Mitchell was not a seizure under *Terry v. Ohio*, 392 U.S. 1, 9 (1968). *Recommended Decision* at 4-5.

II.   FACTUAL FINDINGS

During the initial encounter at the Greyhound Bus Terminal on August 29, 2013, when questioned by Trooper Quintero, Mr. Mitchell voluntarily informed

Trooper Quintero that he might have "a little marijuana," and he consented to a search by a canine, who signaled the presence of drugs. *Id*. at 2. After the dog alerted to the presence of drugs, Trooper Quintero asked Mr. Mitchell if he would be more comfortable moving to the side of the terminal. *Id*. at 3. Mr. Mitchell said that he would, and he and Trooper Quintero walked to the side of the building. *Id*. At the side of the building, Mr. Mitchell told Trooper Quintero that he might have something more on him and gestured with his head in the direction of his right leg. *Id*.

When Trooper Quintero asked Mr. Mitchell where the marijuana was, Mr. Mitchell told him that it was in the pocket of his pants. *Id*. Trooper Quintero asked Mr. Mitchell whether he could get the drugs, and Mr. Mitchell told him that he could. *Id*. Trooper Quintero reached into Mr. Mitchell's pocket and found both marijuana and a substance that appeared to be crack cocaine. *Id*.

Trooper Quintero advised Mr. Mitchell that what he had found would likely result in his arrest and told him that he should know that the possession of items at the jail would be a felony. *Id*. Mr. Mitchell nodded to his right leg; Trooper Mitchell asked him if he had crack cocaine there, and Mr. Mitchell replied that he did. *Id*. When Trooper Quintero searched Mr. Mitchell, he found crack cocaine and multi-colored pills. *Id*.

### III.  DISCUSSION

The Court has performed a de novo review of the Recommended Decision pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b)(3). In his objection to the Recommended Decision, Mr. Mitchell issued only a general

objection and did not specifically object to any of the factual findings or legal conclusions. *See Def.'s Obj.* The Court has compared the Magistrate Judge's factual findings to the contents of the transcript of the suppression hearing and expressly adopts each of the factual findings made by the Magistrate Judge. Applying the law to those findings, the Court concludes for the reasons set forth in the Recommended Decision that Trooper Quintero's initial stop of Mr. Mitchell at the Greyhound Bus Terminal on August 29, 2013 did not constitute a seizure, that Mr. Mitchell consented to Trooper Quintero's search, and that once Trooper Quintero obtained evidence of illegal drug possession, he was entitled to use that evidence to establish probable cause to arrest Mr. Mitchell and for a further search incident to arrest of Mr. Mitchell himself.

## IV. CONCLUSION

Having performed a de novo review of the entire record and having made a de novo determination of all matters adjudicated by the Magistrate Judge, the Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 307) and DENIES Jermaine Mitchell's Motion to Suppress (ECF No. 224).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2016