UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                    )<br>)<br>JERMAINE MITCHELL and      )<br>AKEEN OCEAN                     ) | 1:15-cr-00040-JAW |

**ORDER ON MOTION FOR DISCOVERY SANCTIONS**

Concluding that Mr. Mitchell has failed to demonstrate the Government has committed any discovery violations, the Court denies Mr. Mitchell's motion for discovery sanctions to the extent he requests a continuance of a long-scheduled trial; however, the Court defers ruling on whether it will allow a brief voir dire of a Government witness outside the presence of the jury, allowing the parties to present a more concrete context for the Court's ruling

**I.      PROCEDURAL BACKGROUND**

On February 12, 2015, a federal grand jury indicted Jermaine Mitchell and Akeen Ocean (Defendants), along with nine others, charging them with engaging in a conspiracy to distribute cocaine base. *Indictment* (ECF No. 3). Mr. Ocean pleaded not guilty to the charge on February 20, 2015, *Entry* (ECF No. 74), as did Mr. Mitchell on March 13, 2015. *Entry* (ECF No. 149). The Defendants' jury trial is set to begin on June 20, 2016, *Notice of Hr'g* (ECF No. 430), with the jury having been selected on June 7, 2016. *Entry* (ECF No. 482).

On June 16, 2016, Mr. Mitchell filed a motion for discovery sanctions against the Government. *Mot. for Disc. Sanctions* (ECF No. 495) (*Def.'s Mot.*). The

Government filed its objection to Mr. Mitchell's motion on June 17, 2016.  *Gov't's Obj. to Def. Mitchell's Mot. for Sanctions* (ECF No. 497) (*Gov't's Opp'n*).

## II.   STATEMENT OF FACTS

On March 16, 2015, Mr. Mitchell requested discovery pursuant to Federal Rule of Criminal Procedure 16.[1]  *Def.'s Mot.* Attach. 1 *Disc. Letter*, at 1 (ECF No. 495) (*Disc. Letter*).   Included in his discovery request was the following:

> (D)   Defendant respectfully requests the government to produce documents relating in any way whatsoever to reports of physical examination and/or scientific tests or experiments within the purview of Rule 16(a)(1)(D).
>
> (E)   Defendant requests, pursuant to Rule 16(a)(1)(E), that the government disclose a written summary of testimony that the government intends to introduce pursuant to Fed. Rules of Evidence 702, 703, or 705.

*Id.* at 1.  In response to Mr. Mitchell's discovery request, the Government produced a high volume of material, including data from several telephones that purportedly belonged to Mr. Mitchell.  *Def.'s Mot.* at 2.  In the discovery were voluminous records from the AT&T telephone company, including records relating to one of Mr. Mitchell's alleged cellular telephones.  *Gov't's Opp'n* at 1.  Additionally, the Government produced the results of search warrants on nine of Mr. Mitchell's alleged cellular telephones, and in total the telephone record discovery regarding Mr. Mitchell consists of several hundred pages.  *Id.*

---

[1]   The Government's motion contends that it sent discovery to all defendants charged in the indictment on March 4, 2015.  *Gov't's Opp'n* at 1.  Mr. Mitchell contends he did not request discovery until March 16, 2015, and the Government produced this discovery after his request.  *Def.'s Mot.* at 2.  Because Mr. Mitchell provided the Court with a copy of the March 16, 2015 Discovery Letter, the Court refers to March 16, 2015 in the record.  *See Disc. Letter* at 1.  The difference between the two dates is not material to the Court's analysis.

The telephones were received by Government agents on or about September 7, 2013, and were subjected to forensic examination during September, 2014. *Def.'s Mot.* at 2. As a result of the forensic examination, the forensic examiner generated "Extraction Reports," consisting of lists of contacts and some text messages, which the Government disclosed to the Defendants in a timely manner. *Id.* Using some of the data from one of the telephones, the Government has conducted an analysis of the data using unidentified computer software, and as a result has produced a chart (Exhibit 37) that purports to show the connection between Mr. Mitchell's telephone and the telephones of other alleged members of the alleged conspiracy. *Id.*; *Def.'s Mot.* Attach. 2 *Gov't Ex.* 37 (ECF No. 495) (*Ex.* 37). The Government has not produced a report that identifies who performed the analysis that created Exhibit 37, the qualifications of that person, the identification of the forensic tools used to perform the analysis, the specifications of the software used to perform the analysis, or any information concerning the accuracy of the software. *Id.*

Exhibit 37 was disclosed to Mr. Mitchell as part of the Government's exhibits in a mailing on June 9, 2016, received by Mr. Mitchell on or about June 13, 2016, one week before the scheduled start of trial. *Id.*; *Notice of Hr'g* (ECF No. 430).

### III.  POSITIONS OF THE PARTIES

#### A.  Jermaine Mitchell's Motion

Mr. Mitchell argues that, assuming the Government will seek to introduce Exhibit 37 as a summary exhibit at trial, pursuant to Federal Rule of Evidence 1006 "the proper foundation is that (1) the underlying data is admissible, which the defense

concedes, and (2) the chart is accurate, which the defense does not concede." *Def.'s Mot.* at 2 (citing *Needham v. White Laboratories, Inc.*, 639 F.2d 394, 403 (7th Cir. 1981)). Mr. Mitchell asserts that "[a]t this point, only a few days before trial, the defense is unable to test the accuracy of the chart or to mount any type of challenge to its admissibility as a Rule 1006 summary," and contends that the failure of the Government to produce Exhibit 37 in a timely manner violates Federal Rule of Criminal Procedure 16. *Id.* Mr. Mitchell argues that he is prejudiced by the late disclosure of Exhibit 37 "in that there is not sufficient time prior to the trial to perform its own analysis of the data," and because he "has not been apprised of how the data was analyzed or even who analyzed it," he is "in no position to challenge the qualifications of the creator of the chart, the methodology by which the chart was created, or the ability of the forensic tools used to create the chart, to do so." *Id.*

Mr. Mitchell urges the Court to exclude Chart 37 from evidence during trial pursuant to Federal Rule of Criminal Procedure 16(d)(2)(C), or in the alternative, to grant a continuance pursuant to Rule 16(d)(2)(B) "for a period of time sufficient for him to properly investigate the accuracy of the chart." *Id.* at 3-4.

    **B.**    **The Government's Opposition**

The Government argues that "[i]t is beyond question that voluminous telephone records that are accurate and admissible may be summarized in a chart and offered under" Federal Rule of Evidence 1006. *Gov't's Opp'n* at 2 (collecting cases). The Government argues that because: (1) Mr. Mitchell has had these "voluminous records" for over a year, (2) he has stipulated to the authenticity of the

4

AT&T records (*see Trial Stipulation #1* (ECF No. 489)), and (3) that the Government intends to call witnesses to "properly introduce the results of the search warrant executions on the defendants nine cellular telephones," if this evidence is admitted into the record at trial Exhibit 37 meets the requirements of Rule 1006. *Id.*

Further, the Government contends that the evidence at issue is easily searchable "using a simple 'control-f' function on the standard computer keyboard" and can be quickly summarized in a chart. *Id.* The Government asks that Mr. Mitchell's request for a continuance be denied.

## IV. DISCUSSION

Federal Rule of Evidence 1006 states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

First Circuit caselaw permits the use of summary tools to clarify complex testimony and evidence. *United States v. McElroy*, 587 F.3d 73, 81 (1st Cir. 2009) (citing *United States v. Milkiewicz*, 470 F.3d 390, 396-98 (1st Cir. 2006)). A Rule 1006 chart "may itself be admitted into evidence or summary witness testimony may be permitted pursuant to Rule 611(a)." *Id.* at 81-82 (citing *Untied States v. Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008)). Summary evidence is admissible under Rule 1006 only if the underlying materials are admissible. *United States v. Pelullo*, 964 F.2d 193, 204 (3d Cir. 1992).

5

Mr. Mitchell has had the evidence underlying Exhibit 37 for over a year, has stipulated to the admissibility of the underlying evidence as authenticated business records from AT&T pursuant to Federal Rule of Evidence 803(6), and will have had Exhibit 37 for at least a week by the time trial commences.

Moreover, it remains the Government's burden at trial to provide a proper foundation for Exhibit 37 by establishing the admissibility of the underlying materials and the accuracy of the summary. *Needham v. White Laboratories, Inc.*, 639 F.2d 394, 403 (7th Cir. 1981). The Court is not in a position to evaluate whether the Government will meet this burden through the testimony of a foundational witness that Exhibit 37 is consistent with the underlying data. Rule 1006 requires that the proponent of a summary "make the originals . . . available for examination . . . by other parties at a reasonable time and place." FED. R. EVID. 1006. Making the underlying information available approximately a year before trial easily meets this evidentiary requirement. As Mr. Mitchell has had the underlying evidence for over a year, he should be quickly able to assess the accuracy of the Rule 1006 summaries. Based on this record and the length of time that Mr. Mitchell has had the underlying information, the Court is not convinced that there is any reason to delay trial.

Even though the Court is extremely dubious about any discovery violation by the Government in these circumstances, the Court will allow defense counsel to explain his contention in more detail at trial, where the full context of the issue may be more apparent. At this point, the Court will defer deciding until trial whether the Government must make the foundational witness available to Mr. Mitchell before his

6

actual testimony to allow Mr. Mitchell to perform a brief voir dire of the witness outside the presence of the jury.

## V.   CONCLUSION

To the extent Jermaine Mitchell seeks to continue trial, the Court DENIES Mr. Mitchell's Motion for Discovery Sanctions (ECF No. 495); the Court DEFERS ruling until trial on whether Mr. Mitchell will be allowed to perform a brief voir dire of the Government's witness outside of the presence of the jury.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2016