UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JERMAINE MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15-cr-00040-JAW-3 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.[1] (Motion, ECF No. 764.) Following a jury trial, Petitioner was convicted of conspiracy to distribute and possess with intent to distribute cocaine base; the Court sentenced Petitioner to 260 months in prison. (Judgment, ECF No. 691; Corrected Indictment, ECF No. 80.) The First Circuit affirmed the conviction. *United States v. Ocean*, 904 F.3d 25, 36 – 40 (1st Cir. 2018).

Petitioner claims the Court lacked jurisdiction to convict him because, according to Petitioner, the Controlled Substances Act (the Act) only applies to registrants (i.e., physicians) and thus does not apply to him. For the same reason, Petitioner also argues the

---

[1] Petitioner also filed a Request to Take Judicial Notice. (ECF No. 765.) Petitioner subsequently filed a supplement to his § 2255 motion and his request to take judicial notice. (ECF No. 805.) In his Request to Take Judicial Notice, Petitioner asks the Court to take notice of certain legal arguments he has asserted. Federal Rule of Evidence 201 permits the Court to take Judicial Notice of adjudicative facts. Because the matters for which Petitioner requests judicial notice are not adjudicative facts, Petitioner's Request to Take Judicial Notice is denied.

indictment was indefinite and vague. (Motion at 13.) The Government requests dismissal. (Response, ECF No. 783.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In February 2015, the grand jury indicted Petitioner for conspiring to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and § 846. (Indictment, ECF No. 3; Corrected Indictment, ECF No. 80.) At the conclusion of a trial in June 2016, a jury found Petitioner guilty. (Minute Entry, ECF No. 512; Jury Verdict, ECF No. 520.) In February 2017, Petitioner was sentenced to 260 months imprisonment to be followed by five years of supervised release. (Judgment, ECF No. 691.) Petitioner appealed, and the First Circuit affirmed the conviction in September 2018. *Ocean*, 904 F.3d at 36 – 40.

**DISCUSSION**

**A.   Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard

of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697.

If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145

(1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.  Claims and Analysis**

Under 21 U.S.C. § 841(a)(1), "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Petitioner argues that the Court lacked subject matter jurisdiction to convict him because he claims that the phrase "any person" in § 841(a)(1) refers only to a person who is a "registrant" under the Act. While certain provisions of the Act only apply to "registrants" (e.g., physicians or pharmaceutical manufacturers, *see* 21 U.S.C. §§ 842(a)(2), 843(a)(1)), Petitioner's argument concerning § 841(a)(1) is contrary to the plain language of the statute and decades of case law.

The authority upon which Petitioner relies do not support his argument. For example, Petitioner points to *United States v. Moore*, 423 U.S. 122 (1975), in which the Supreme Court determined that provisions of the Act that criminalized certain conduct of

registrants do not exclude registrants from potential prosecution under § 841(a)(1) "when their activities fall outside the usual course of professional practice." *Id.* at 124. Contrary to Petitioner's argument, the Court noted, "By its terms § 841 reaches 'any person.'" *Id.* at 130. Nothing in *Moore* supports Petitioner's argument that only registrants can be prosecuted under § 841(a)(1). That is, although *Moore* held that registrants can be prosecuted under that provision, it does not follow that someone who is not a registrant cannot be prosecuted under that provision.

Petitioner apparently contends that his indictment was insufficient for the same reason: it did not charge him with conspiring with anyone who was a registrant. For the reasons already discussed, because nothing in § 841(a)(1), § 846, or the case law applying those provisions limits the statutes' applicability to registrants under the Act, Petitioner's argument fails.

In his supplemental filing, Petitioner cites additional authority, including *Rehaif v. United States*, 139 S. Ct. 2191 (2019), to support his argument. In *Rehaif*, the Supreme Court held that under the statutes that criminalize the possession of firearms by certain individuals, 18 U.S.C. §§ 922(g) and 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Petitioner argues that based on the Supreme Court's reasoning in *Rehaif*, under 21 U.S.C. §§ 841(a)(1) and 846, the Government must prove that he knowingly conspired with a registrant. (Supplemental Filing at 3.)

Even assuming *Rehaif* applies retroactively on collateral review, the decision has no applicability to 21 U.S.C. §§ 841(a)(1) and 846. As discussed above, the statutes' applicability is not limited to registrants under §841(a)(1). Accordingly, Petitioner's argument that the Government must prove that he conspired with someone he knew to be a registrant fails.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). Furthermore, Petitioner's Request to Take Judicial Notice is denied.

## **NOTICE**

Any objection to the order denying Petitioner's Request to Take Judicial Notice shall be filed in accordance with Federal Rule of Civil Procedure 72 and Federal Rule of Criminal Procedure 59.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of January, 2020.