UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JERMAINE MITCHELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:15-cr-00040-JAW-3<br>No. 1:19-cv-00184-JAW |

**ORDER DENYING PETITIONS FOR AMENDMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 52 AND MOTIONS TO TAKE JUDICIAL NOTICE**

A federal prisoner again presses his contention that the Controlled Substances Act applies only to licensed professionals who are registered to manufacture, distribute, and dispense controlled substances and not to anyone else. After the Court affirmed a magistrate judge's recommended decision denying his habeas corpus petition, the petitioner asks the Court to amend its findings and take judicial notice of asserted facts, including caselaw and legislative history. Because the petitioner has not demonstrated that the Court erred and because judicial notice is inappropriate and to the extent appropriate does not affect the Court's affirmance, the Court denies his motions.

**I.     PROCEDURAL HISTORY**

In February 2015, a grand jury indicted Jermaine Mitchell for conspiring to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and § 846. *Indictment* (ECF No. 3); *Corrected Indictment* (ECF No. 80). At the conclusion of a six-day trial from June 20 to June 27, 2016, a federal jury found

Mr. Mitchell guilty as charged, that the conspiracy involved two hundred eighty grams or more of cocaine base, and that Mr. Mitchell's own conduct involved two hundred eighty grams or more of cocaine base. *Minute Entry* (ECF No. 512); *Jury Verdict* (ECF No. 520). On February 14, 2017, the Court sentenced Mr. Mitchell to two hundred sixty months of imprisonment to be followed by five years of supervised release. *J.* (ECF No. 691). On February 16, 2017, Mr. Mitchell appealed, and on September 11, 2018, the First Circuit affirmed the conviction. *United States v. Ocean*, 904 F.3d 25, 36-40 (1st Cir. 2018). Mr. Mitchell did not appeal his sentence. *Id.* at 28, 35-40.

On April 24, 2019, Jermaine Mitchell filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (ECF No.764). The United States Magistrate Judge filed with the Court on January 10, 2020, his Recommended Decision, recommending the Court deny Mr. Mitchell's 2255 motion. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 810) (*Recommended Decision*). Mr. Mitchell filed his objection to the Recommended Decision on March 6, 2020, *Pet'r's Resp. to U.S. Magistrate Judge's Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 814) (*Pet'r's Obj.*), and the Government filed its response on April 24, 2020. *Gov't's Resp. to Pet'r's Obj. to R. & R.* (ECF No. 818). The Court affirmed the Recommended Decision on May 19, 2020. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 819) (*Order*).

On June 10, 2020, Mr. Mitchell filed a motion to amend its findings under Federal Rule of Civil Procedure 52(b).[1] *Pet. of Amendments Under Rule 52(b), Fed.R.Civ.P.* (ECF No. 828) (*Pet'r's First Mot. to Amend Findings*). The Deputy Clerk of Court docketed Mr. Mitchell's motion as a motion for reconsideration under Rule 59(e) on June 15, 2020. *Id.* On July 2, 2020, the Government responded. *Gov't's Resp. to Pet'r's Pet. of Amendments* (ECF No. 834) (*Gov't's Resp. to Pet'r's First Mot. to Amend Findings*). That same day, Mr. Mitchell sent a letter to the Clerk of Court clarifying that he had brought his motion under Rule 52(b), not 59(e), which the Deputy Clerk of Court docketed on July 8, 2020.[2] *Letter to Clerk of Court* (ECF No. 837). In accordance with Mr. Mitchell's request, the Court corrected the docket and reset the periods for the Government's response and Mr. Mitchell's reply, treating the motion not as a motion for reconsideration, but as a motion for findings of fact and conclusions of law under Rule 52(b). *Order Regarding Mot. for Pet. of Amendments* (ECF No. 838). In the order, the Court indicated that the Government was not required to file a response beyond what it had already done. *Id.* On July 17, 2020, Mr. Mitchell replied to the Government's July 2, 2020 response. *Pet'r's Reply to the "Gov't's Resp. to Pet'r's Pet. of Amendments"* (ECF No. 839) (*Pet'r's Reply to Gov't's Resp. to Pet'r's First Mot. to Amend Findings*). On August 3, 2020, the Government responded, stating that it "continues to rely on its pleadings submitted at ECF 834." *Gov't's Resp. to Pet'r's Notice at ECF 837* (ECF No. 842).

---

[1]   Mr. Mitchell phrased his motion as a "petition," but according to the plain text of Rule 52(b), it is properly a motion. *See* FED. R. CIV. P. 52(b).
[2]   Mr. Mitchell also requested that the Clerk of Court send him certain documents and the Clerk complied with his request.

On July 17, 2020, Mr. Mitchell filed a supplemental motion seeking an order directing the magistrate judge to prepare findings of fact and conclusions of law, pursuant to Federal Rule of Civil Procedure 52(a). *Mot. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure* (ECF No. 840) (*Pet'r's Second Mot. to Amend Findings*). The Government responded on August 3, 2020. *Gov't's Resp. to Pet'r's Pet. of Amendments Under Civil Rule 52(a)* (ECF No. 843) (*Gov't's Resp. to Pet'r's Second Mot. to Amend Findings*). Mr. Mitchell filed a reply to the Government's response on August 17, 2020. *Obj. to "Gov't's Resp. to Pet'r's Pet. of Amendments Under Civil Rule 52(a)"* (ECF No. 845) (*Pet'r's Reply to Gov't's Resp. to Pet'r's Second Mot. to Amend Findings*).

In addition to his motions regarding findings of fact, on July 21, 2020, Mr. Mitchell moved for the Court to take judicial notice of several alleged adjudicative facts. *Request to Take Judicial Notice* (ECF No. 841) (*Pet'r's First Mot. for Judicial Notice*). The Government responded in opposition on August 3, 2020. *Gov't's Opp'n to Pet'r's Mot. for Judicial Notice* (ECF No. 844) (*Gov't's Opp'n to Pet'r's First Mot. for Judicial Notice*).

On August 17, 2020, Mr. Mitchell once again moved for the Court to take judicial notice. *Mot. for Judicial Notice* (ECF No. 846) (*Pet'r's Second Mot. for Judicial Notice*). The Government responded on September 8, 2020. *Gov't's Opp'n to Pet'r's Mot. for Judicial Notice* (ECF No. 847) (*Gov't's Opp'n to Pet'r's Second Mot. for Judicial Notice*). On September 21, 2020, Mr. Mitchell replied to the Government's

response. *Opp'n to "Gov't's Opp'n to Pet'r's Mot. for Judicial Notice"* (ECF No. 848) (*Pet'r's Reply to Gov't's Opp'n to Pet'r's Second Mot. for Judicial Notice*).

## II. PARTIES' POSITIONS

### A. Jermaine Mitchell's Motions to Amend Findings

#### 1. First Motion to Amend Findings

In his first motion, Mr. Mitchell puts forward two "points worthy of correction/clarification" in the Court's affirmance of the Recommended Decision. *Pet'r's First Mot. to Amend Findings* at 1. The first is that Mr. Mitchell "noted the thrust of Magistrate [Judge] Nivison's position to be **BOTH** the matters of procedural default **AND** the question of the term 'any person' in 21 U.S.C. § 841" but the Court discussed only the procedural default issue. *Id.* at 2 (capitalization and emphasis in original). The second is that the Magistrate Judge was incorrect in his analysis of Mr. Mitchell's argument about the definition of "any person" in 21 U.S.C. § 841(a)(1). *Id.* at 3-4. Mr. Mitchell claims that a "correct understanding of the general term 'any person' must be gleaned from contextual scrutiny of its use in the law" and cites several cases in support, concluding that the Magistrate Judge's position is "based upon his overly broad interpretation of the words 'any person' in section 841(a)(1)." *Id.*

The Government's response notes that Mr. Mitchell's concerns are "easily allayed" because the Court's affirmance specifically adopted the reasoning of the Magistrate Judge on all issues he decided and stated that they did not merit further discussion. *Gov't's Resp. to Pet'r's First Mot. to Amend Findings* at 1-2. "In light of

5

the Court's clear statement of its de novo review and full adoption of the recommended decision," the Government contends that Mr. Mitchell's requested amendments are "not necessary and would ultimately be redundant to the findings already made." *Id.* at 2.

In his reply, Mr. Mitchell repeats his argument that "'[a]ny person' refers to the 'authorized registrant.'" *Pet'r's Reply to Gov't's Resp. to Pet'r's First Mot. to Amend Findings* at 1. He contends that the Magistrate Judge's Recommended Decision included "statements of incomplete facts" that "appears to be material misrepresentations of fact," and therefore "[t]he Record here is vague and incomplete due to the informal Magistrate [Judge's] Opinion adopted by this Court." *Id.* at 1-2.

### 2. Second Motion to Amend Findings

Mr. Mitchell filed a second motion seeking an order "directing the Magistrate Judge to prepare a formal Finding of Fact and Conclusions of Law in this Matter that conforms to the requirements of Rule 52(a), that are detailed enough to disclose the steps by which the Magistrate [Judge] reached its ultimate conclusions on the factual issues and Conclusions of Law." *Pet'r's Second Mot. to Amend Findings* at 1. He claims this is necessary to allow the record to be complete to "[a]id the Appellate Court" on review. *Id.* at 2. He argues the Magistrate Judge's "informal opinion does not state the proposed findings of fact and conclusions of law separately," "leav[ing] [Mr. Mitchell] confused and having to guess as to what factual findings and conclusions of law w[ere] made and adopted by this Court." *Id.* He specifically claims the Magistrate Judge failed to cite any caselaw to support his conclusion. *Id.* at 3.

6

The Government responds by noting that the Magistrate Judge's "Report and Recommendation already has a separate sections for factual findings and legal analysis" and argues that "[t]here is no additional requirement under Rule 52 that each factual finding and conclusion of law be separately numbered, or any indication that compiling findings and conclusions into separate sections in paragraph form render those findings and conclusion somehow 'informal.'" *Gov't's Resp. to Pet'r's Second Mot. to Amend Findings* at 1. The Government contends "the relevant facts are that the defendant was indicted for and convicted of violations of Section 841" and "[t]hose facts are fairly set forth in the 'Factual Background' on page 2 of the recommended decision." *Id.* While acknowledging that the Magistrate Judge did not specifically note the performance of Mr. Mitchell's counsel at trial "in the factual portion of the Report and Recommendation," the Government argues that the Magistrate Judge's Report and Recommendation "makes clear" that the ineffective assistance of counsel claims are "irrelevant when the defendant's legal claims fail on the merits" and "the motions made or not made in this case are fairly reflected in the record." *Id.* at 2.

Mr. Mitchell's reply states that his request is "for the purpose of clarity" and argues the Magistrate Judge's fact finding is "not consistent with the intent of Congress, and his conclusion of law partly parrots Section 841" by omitting language from 21 U.S.C. § 841. *Pet'r's Reply to Gov't's Resp. to Pet'r's Second Mot. to Amend Findings* at 1. He asks that "if the Court decides not to refer the motion 2255 back to the Magistrate [Judge] as previously requested," the Court should issue a

7

memorandum decision to include:

> 1) A statement of the basis for subject matter jurisdiction;
> 2) A statement of the applicable law;
> 3) Subsidiary findings of fact, including a) an appendix containing full subsidiary findings of fact b) a summary of those findings in the term of a chronology of significant events; and
> 4) Evaluative findings (on mixed questions of law and fact)

*Id.* at 1-2.

### B.     Jermaine Mitchell's Motions for Judicial Notice

#### 1.     First Motion for Judicial Notice

In addition to his motions to amend the findings, Mr. Mitchell moves under Federal Rule of Evidence 201 for the opportunity to be heard on the propriety of judicial notice. *Pet'r's First Mot. for Judicial Notice* at 1. He specifically asks the Court to take judicial notice that "[d]efining the term 'any person' must be gleaned from contextual scrutiny of its use in the law and limited to the particular things or person(s) described preceding the term (any person)," and requests judicial notice of excerpts from two cases: *United States v. Palmer*, 16 U.S. (Wheat.) 610, 631-32 (1818) and *United States v. Katz*, 271 U.S. 354, 362 (1926). *Id.* at 1-2.

The Government objects to Mr. Mitchell's motion for judicial notice, arguing that "[n]one of these are the type of adjudicative fact that is so easily determined as to be appropriate for consideration under Federal Rule of Evidence 201." *Gov't's Opp'n to Pet'r's First Mot. for Judicial Notice* at 1. Rather than adjudicative facts, the Governments contends Mr. Mitchell's proposed assertions "are not factual assertions at all, but forms of disputed legislative assertions and legal analysis [Mr. Mitchell] wishes the Court to adopt." *Id.* Furthermore, the Government argues

the Magistrate Judge's Recommended Decision, adopted by this Court, "specifically rejected the legal arguments advanced in the proposed judicial notice" and "rejected [Mr. Mitchell's] prior request to take judicial notice of similar legal arguments." *Id.* at 1-2.

### 2. Second Motion for Judicial Notice

Mr. Mitchell again moved for the Court to take judicial notice of alleged adjudicative facts, stating that under Federal Rule of Evidence 201(c)(2), a court "must take judicial notice of an adjudicative fact that is not reasonably subject to dispute when requested to do so by a party who supplies the court with the necessary information." *Pet'r's Second Mot. for Judicial Notice* at 1. This time, he asks the Court to take judicial notice of the following information: 1) "the legislative history of the Controlled Substances Act of 1970;" 2) "the Controlled Substance Act of 1970 is a healthcare law that regulates professional healthcare providers and employees . . .;" 3) "Congress delegated to the Attorney General only the authority to promulgate rules relating to 'registration' and 'control' of the manufacture, distribution, and dispensing of controlled substances, and 'for the efficient execution of his [statutory] functions;'" 4) "the term 'control' under the (CSA) means 'to add a . . . substance . . . to a schedule." *Id.* at 1-2. He cites "Federal Medical Policy," 21 U.S.C. §§ 821 and 871(b), and "Definitions under (CSA) § 802(5)" for support to establish the truth of these facts. *Id.*

The Government objects to Mr. Mitchell's motion, again arguing that "[n]one of these are the type of adjudicative fact that is so easily determined as to be

9

appropriate for consideration under Federal Rule of Evidence 201." *Gov't's Opp'n to Pet'r's Second Mot. for Judicial Notice* at 1. The Government again contends that "these are not factual assertions at all, but forms of disputed legislative assertions and legal analysis [Mr. Mitchell] wishes the Court to adopt." *Id.*

Mr. Mitchell's reply repeats his arguments and asserts that it is of "great consequence" that the Court take notice of the statutes and legislative history of the Controlled Substances Act. *Pet'r's Reply to Gov't's Opp'n to Pet'r's Second Mot. for Judicial Notice* at 1. He argues that "statutes and legislative history are public records and are factual matters that are incontrovertible." *Id.*

### III. DISCUSSION

21 U.S.C. § 841(a)(1) states that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance." The crux of Mr. Mitchell's argument is that the term "any person" "refers to authorized persons that manufacture, distribute or dispense controlled substance." *Pet'r's First Mot. to Amend Findings* at 5. In his earlier filings, he pressed the contention that the Controlled Substances Act applies only to the "class of medical, scientific and industrial licensed professionals." *Pet'r's Obj.* at 4. In Mr. Mitchell's view, "the Controlled Substance Act, following the Harrison Act, intends to regulate the registrants of licensed professionals in Medicine, Science and Industry." *Id.* at 5. Mr. Mitchell now writes that "'[a]ny person' clearly is anyone within the class of persons that § 841 addresses." *Pet'r's First Mot. to Amend Findings*

10

at 5. As he is not a licensed registrant, Mr. Mitchell argues that he is not "any person" within the meaning of the statute and concludes that § 841 does not apply to him. The motions here all stem from this argument.

### A.      Motions to Amend Findings Under Rule 52

In his first motion to amend findings, Mr. Mitchell makes two main arguments for why the Court should amend its order to expressly address: (1) whether the Magistrate Judge erred in resting his recommendation on procedural default and in failing to reach the merits of his argument, and (2) whether the Magistrate Judge erred in failing to address his argument about the definition of "any person."

With regard to Mr. Mitchell's first point, as the Court stated in its affirmance of the Magistrate Judge's recommended decision, Mr. Mitchell is simply incorrect. The Magistrate Judge did not base his recommended decision on procedural default. Instead, the Magistrate Judge reached the merits of Mr. Mitchell's substantive argument and rejected it as "contrary to law." *Order* at 2. The Court explained all of this in its order affirming recommended decision. The Court specifically adopted the findings and conclusions of the Magistrate Judge and because it agreed with them, the Court stated it would "not address those portions of [Mr. Mitchell's] objection," and then addressed the "procedural default" issue. *Id.* at 1.

Mr. Mitchell counters that he "noted the thrust of Magistrate [Judge] Nivison's position to be **BOTH** the matters of procedural default **AND** the question of the term 'any person' in 21 U.S.C. § 841." *Pet'r's First Mot. to Amend Findings* at 2

11

(capitalization and emphasis in original). The Court can do no better than quote its order:

> This is not correct. In his original habeas petition, Mr. Mitchell bases his arguments about subject matter jurisdiction on the premise that the Controlled Substances Act does not apply to him. *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Attach. 1 (ECF No. 764). The Magistrate Judge rejected this assertion as contrary to law, and so rejected Mr. Mitchell's arguments related to subject matter jurisdiction. *Recommended Decision on 28 U.S.C. § 2255 Mot.* at 5 (ECF No. 810). The Magistrate Judge did not, as Mr. Mitchell contends, state that Mr. Mitchell was foreclosed from making jurisdictional arguments due to a procedural default.

*Order* at 2.

As to Mr. Mitchell's second point, as the Court has stated, the Court reviewed the record de novo and concurred with the Magistrate Judge's view of Mr. Mitchell's arguments related to the definition of "any person" under 21 U.S.C. § 841. *Id.* Nothing in Mr. Mitchell's motion or its attachments convinces the Court this conclusion was incorrect. *See Perrier-Bilbo v. United States*, 954 F.3d 413, 435 (1st Cir. 2020) ("The purpose of Rules 52(b) and 59(e) is to allow the court to correct or amend a judgment in the event of any manifest errors of law or newly discovered evidence").

The Court is also not persuaded by Mr. Mitchell's request in his second motion to direct the Magistrate Judge to prepare formal findings of fact and conclusions of law, or alternatively, for this Court to issue a memorandum decision. The Magistrate Judge accurately framed Mr. Mitchell's argument that 21 U.S.C. § 841 "only applies to registrants (i.e., physicians) and thus does not apply to him." *Recommended Decision* at 1. In the recommended decision, the Magistrate Judge described the

relevant factual background and procedural history—namely that Mr. Mitchell was found guilty for conspiring to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and § 846—and he addressed Mr. Mitchell's legal arguments, explaining why the term "any person" does not refer solely to registrants. *Id.* at 2-7. There is no need for Mr. Mitchell to guess how the Magistrate Judge made his decision because the Magistrate Judge's reasoning is not only plain, but plainly correct. The Court concludes that no further findings are necessary.

### B.   Motions to Take Judicial Notice Under Rule 201

Federal Rule of Evidence Rule 201 provides in part:

**(a) *Scope.*** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b) *Kinds of Facts That May Be Judicially Noticed.*** The court may judicially notice a fact that is not subject to reasonable dispute because it:
  **(1)** is generally known within the trial court's territorial jurisdiction; or
  **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

FED. R. EVID. 201. Mr. Mitchell moves the Court to take judicial notice of the following: 1) "[d]efining the term 'any person' must be gleaned from contextual scrutiny of its use in the law and limited to the particular things or person(s) described preceding the term (any person);" 2) excerpts from *United States v. Palmer*; 3) excerpts from *United States v. Katz*; 4) "the legislative history of the Controlled Substances Act of 1970;" 5) "the Controlled Substance Act of 1970 is a healthcare law that regulates professional healthcare providers and employees . . .;" 6) "Congress delegated to the Attorney General only the authority to promulgate rules relating to

'registration' and 'control' of the manufacture, distribution, and dispensing of controlled substances, and 'for the efficient execution of his [statutory] functions;'" 7) "the term 'control' under the (CSA) means 'to add a . . . substance . . . to a schedule.'"

As a threshold matter, the Magistrate Judge already denied Mr. Mitchell's attempts to take judicial notice on similar issues because "the matters for which [Mr. Mitchell] requests judicial notice are not adjudicative facts." *Recommended Decision* at 1 n.1; *see Order Denying Mot. to Take Judicial Notice* (ECF No. 811). To the extent that any matters Mr. Mitchell now wishes the Court take judicial notice of are new, his arguments have been waived by not previously raising them to the Magistrate Judge. *See Frank Martin Sons, Inc. v. John Deere Const. & Forestry Co.*, 542 F. Supp. 2d 101, 107 (D. Me. 2008) ("Parties must take before the magistrate, not only their best shot but all of their shots") (quoting *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987)).

Nevertheless, as Mr. Mitchell is forcefully pressing this argument and as he still faces a long period of incarceration, the Court specifically addresses his contentions about judicial notice. First, regarding his request that the Court take judicial notice of prior caselaw, Rule 201 does not apply to judicial authority. *Recent Past Pres. Network v. Latschar*, 701 F. Supp. 2d 49, 55 (D.D.C. 2010) ("Rule 201 provides an avenue for the Court to take judicial notice of reasonably indisputable adjudicative facts at any time. FED. R. EVID. 201. It is not clearly an appropriate mechanism for acknowledging a persuasive authority, however"). Not surprisingly, a judge is not required to take judicial notice of a judicial decision under Rule 201

because a judicial decision is a matter of law, not evidence. In 1972, the advisory committee on the Rules of Evidence quoted Professor Morgan:

> In determining the content or applicability of a rule of domestic law, the judge is unrestricted in his investigation and conclusion. He may reject the propositions of either party or of both parties. He may consult the sources of pertinent data to which they refer, or he may refuse to do so. He may make an independent search for persuasive data or rest content with what he has or what the parties present . . .. [T]he parties do no more than to assist; they control no part of the process.

FED. R. EVID. 201 advisory committee's note to 1972 proposed rules (quoting Edmund M. Morgan, *Judicial Notice*, 57 HARV. L. REV. 269, 270-71 (1944)). Thus, to review Supreme Court precedent, the Court does not need to take judicial notice under Rule 201 that the Supreme Court issued an opinion. Nothing prevents the Court from reading and analyzing relevant Supreme Court and other caselaw. As Mr. Mitchell requested, the Court reviewed both the *Palmer* and *Katz* citations and the Court concludes that the cases Mr. Mitchell cites are unhelpful, as they merely support the Court's conclusion that judicial notice of legislative history is discretionary, and, as the Court explains, it finds such notice inappropriate here.

Nevertheless, the Court specifically addresses Mr. Mitchell's request that the Court take judicial notice of legislative history. If a proponent presents a proper predicate, there is authority that a court may take judicial notice of legislative history. *See Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 226-27 (1959) (taking judicial notice of legislative history of the bill at issue); *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice"); *Maine Ass'n of Retirees v. Board of Trustees of Maine Public Employees Ret.*

15

*Sys.*, 954 F. Supp. 2d 38, 40 n.1 (D. Me. 2013) (stating that legislative history "might be considered a matter of judicial notice . . ."). The Court's authority to take judicial notice of legislative history is discretionary. *See* 1 WEINSTEIN'S FEDERAL EVIDENCE § 201.52[3][a] (2d ed. 2020) ("Federal courts may, but are not required to, take judicial notice of the legislative history of federal and state law and of municipal ordinances").

The Court rejects Mr. Mitchell's request that the Court take judicial notice of legislative history because he has not properly presented the legislative history and, in any event, the legislative history does not affect the Court's decision for four reasons. First, as noted earlier, Mr. Mitchell waived the issue by not raising it with the Magistrate Judge. Second, to fit within Rule 201, a proponent must demonstrate that the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," FED. R. EVID. 201(b)(2), and the proponent of the fact to be judicially noticed has the burden of supplying the Court "with the necessary information." FED. R. EVID. 201(c)(2). Mr. Mitchell simply posits the legislative history as fact and he fails to cite any authority for his request concerning legislative history. The Court does not know where he has drawn his assertions of legislative history. Third, Mr. Mitchell's assertions of legislative history are facts "subject to reasonable dispute" and not subject to judicial notice. FED. R. EVID. 201(b). Finally, even if the Court were to take judicial notice of the legislative history proffered by Mr. Mitchell, it makes no difference because even if the Controlled Substances Act may have been undergirded by healthcare concerns, it does not mean that Congress intended to affect only health care providers' access to addictive substances and not

to limit and control the availability of highly addictive substances such as cocaine base to the public at large. Congress is capable of enacting legislation with more than one goal in mind. Simply because in enacting the Controlled Substances Act, Congress intended to regulate professional access to controlled substances does not mean it did not also intend to restrict the access of people, like Mr. Mitchell, who conspire with others to distribute controlled substances and to possess with the intent to distribute controlled substances to members of the general public wholly outside the regulatory framework for licensed professionals.

Accordingly, the Court concludes it is inappropriate to take judicial notice of Mr. Mitchell's proffered legislative history and declines to do so, but even if the Court accepts his version of the legislative history of the Controlled Substances Act, the legislative history would have no impact on the Court's affirmance of the Magistrate Judge's recommended decision.

## IV. CONCLUSION

The Court DENIES Jermaine Mitchell's Petition of Amendments Under Rule 52(b), Fed.R.Civ.P. (ECF No. 828), his Motion Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure (ECF No. 840), his Request to Take Judicial Notice (ECF No. 841) and his Motion for Judicial Notice (ECF No. 846).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2020