UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JERMAINE MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00040-JAW-3 |
| | ) | No. 1:19-cv-00184-JAW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO VOID JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)**

The Court rejects a federal prisoner's motion to void judgment pursuant to
Federal Rule of Civil Procedure 60(b)(4), concluding that the motion is in fact a second
petition under 28 U.S.C. § 2255 and that, even if evaluated under the framework for
Rule 60(b) motions, the petitioner has failed to demonstrate he is entitled to relief.

**I.     PROCEDURAL HISTORY**

In February 2015, a grand jury indicted Jermaine Mitchell for conspiring to
distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C.
§§ 841 and 846.  *Indictment* (ECF No. 3); *Corrected Indictment* (ECF No. 80).  At the
conclusion of a six-day trial from June 20 to June 27, 2016, a federal jury found
Mr. Mitchell guilty as charged, that the conspiracy involved two hundred eighty
grams or more of cocaine base, and that Mr. Mitchell's own conduct involved two
hundred eighty grams or more of cocaine base.  *Minute Entry* (ECF No. 512); *Jury
Verdict* (ECF No. 520).  On February 14, 2017, the Court sentenced Mr. Mitchell to
two hundred sixty months of imprisonment to be followed by five years of supervised

release.  *J.* (ECF No. 691).  On February 16, 2017, Mr. Mitchell appealed, and on September 11, 2018, the Court of Appeals for the First Circuit affirmed the conviction. *United States v. Ocean*, 904 F.3d 25, 36-40 (1st Cir. 2018).  Mr. Mitchell did not appeal his sentence.  *Id.* at 28, 35-40.

On April 24, 2019, Mr. Mitchell filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (ECF No. 764) (*Pet'r's Habeas Mot.*).  On January 10, 2020, the Magistrate Judge filed with the Court his Recommended Decision, recommending that the Court deny Mr. Mitchell's motion. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 810).  The Court affirmed the Recommended Decision on May 19, 2020.  *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 819).

Following the Court's denial of his § 2255 motion, Mr. Mitchell filed several additional motions.  On June 10, 2020, Mr. Mitchell filed a motion to amend findings under Federal Rule of Civil Procedure 52(b).[1]  *Pet. of Amendments Under Rule 52(b), Fed.R.Civ.P.* (ECF No. 828).  On July 17, 2020, Mr. Mitchell filed a supplemental motion seeking an order directing the magistrate judge to prepare findings of fact and conclusions of law, pursuant to Federal Rule of Civil Procedure 52(a).  *Mot. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure* (ECF No. 840).  On July 21, 2020, Mr. Mitchell moved for the Court to take judicial notice of several alleged adjudicative facts.  *Request to Take Judicial Notice* (ECF No. 841).  On August 17, 2020, Mr.

---

[1]     Mr. Mitchell phrased his motion as a "petition," but according to the plain text of Rule 52(b), it is properly a motion.  *See* FED. R. CIV. P. 52(b).

Mitchell moved a second time for the Court to take judicial notice. *Mot. for Judicial Notice* (ECF No. 846). On October 7, 2020, the Court denied all Mr. Mitchell's pending motions. *Order Den. Pets. for Amendment under Fed. R. Civ. P. 52 and Mots. to Take Judicial Notice* (ECF No. 849) (*Order on Pending Mots.*).

On December 14, 2023, Mr. Mitchell filed the motion that is the subject of this order, seeking to void the Court's denial of his § 2255 petition pursuant to Federal Rule of Civil Procedure 60(b)(4). *Rule 60(b)(4) Mot. to Void J.* (ECF No. 917) (*Pet'r's Mot.*). On January 2, 2024, the Government responded in opposition. *Gov't's Resp. to the Def.'s Mot. to Void J. Pursuant to Fed. R. Civ. P. 60(b)(4)* (ECF No. 918) (*Gov't's Opp'n*). On January 23, 2024, Mr. Mitchell replied. *Reply to the Gov't's Resp. to the Mot. to Void J. Pursuant to Fed. R. Civ. P. 60(b)(4)* (ECF No. 919) (*Pet'r's Reply*).

## II.   THE PARTIES' POSITIONS

### A.   Jermaine Mitchell's Motion to Void Judgment

The crux of Mr. Mitchell's argument is that the Court's denial of his § 2255 petition "is void grounded upon the fact that the district court lacked personal and subject matter jurisdiction over the allegations in the charging instrument." *Pet'r's Mot.* at 2. According to Mr. Mitchell, the Court's lack of jurisdiction stems from the fact that the indictment in his criminal case "did not charge an offense against the laws of the United States." *Id.* To support this conclusion, Mr. Mitchell focuses on the phrase "[e]xcept as authorized" in 21 U.S.C. § 841(a)(1), which he reads in combination with various provisions of the Code of Federal Regulations to require

proof that any violation of the statute was "unauthorized."[2]  *Id.* at 3-5.   He asserts that to read 21 U.S.C. § 841(a)(1) "only as: 'it shall be unlawful for any person knowingly or intentionally to . . . distribute or possess with intent to . . . distribute a controlled substance' . . . would render the statute unconstitutionally vague."  *Id.* at 5 (first and second alterations in original) (quoting 21 U.S.C. § 841(a)(1)).

In his criminal case, Mr. Mitchell claims that the Government "alleged and the court defined that simply possessing with intent to distribute a substance, absent any other facts, is an offense against the laws of the United States."  *Id.* at 6.  But Mr. Mitchell avers that these allegations do not amount to "an offense against the laws of the United States" because they fail to account for the statutory language, "[e]xcept as authorized."  *Id.* at 6.  As Mr. Mitchell sees it, "[s]ince there were no facts, or evidence [that] the alleged agreement to distribute and possess with intent to distribute a Schedule II controlled substance constituted a violation of a statutory requirement or its implementing regulation the court was unable to adjudicate or determine that a crime was committed."  *Id.*  "Ultimately," Mr. Mitchell continues, "the defendant is convicted and sentenced stemming from conclusory allegations without litigation and a determination on what was the cause or what law the alleged agreement to 'distribute' or possess with intent to 'distribute' a Schedule II controlled substance was in violation of."  *Id.* at 7.  Therefore, he concludes, "it becomes apparent that the mere conclusory allegations in the charging instrument is not enough for the

---

[2]     Mr. Mitchell asks the Court to take judicial notice of various statutes and regulations, namely, 21 U.S.C. § 822(a)(1), 21 C.F.R. § 1301.11(a), 21 C.F.R. § 1301.13(a), 21 C.F.R. § 1301.13(e)(1), and 18 U.S.C. § 3231.  *Pet'r's Mot.* at 4, 7.

district court to assume neither personal nor subject matter jurisdiction in regards to the alleged conduct." *Id*. at 8-9.

### B.    The Government's Opposition

The Government sees things differently. *Gov't's Opp'n* at 1-4.  At the outset of its opposition, the Government contends that Mr. Mitchell "again presses his contention that the Controlled Substances Act ("CSA") only applies to licensed professionals who are registered to manufacture, distribute and dispense controlled substances, and not to anyone else." *Id*. at 1.  Quoting *United States v. Zimny*, No. 13-10024-RWZ, 2021 U.S. Dist. LEXIS 145241 (D. Mass. Aug. 2, 2021), the Government then states that "Rule 60(b) may not be used to advance a 'claim' that is, in effect, a successive habeas petition." *Id*. at 2 (quoting *Zimny*, 2021 U.S. Dist. LEXIS 145241, at *2).  The Government goes on to outline the standard for relief under Rule 60(b)(4), quoting *Zimny* for the proposition that a "party seeking relief must demonstrate that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." *Id*. at 3 (quoting *Zimny*, 2021 U.S. Dist. LEXIS 145241, at *3).

Applying these legal principles to the present case, the Government argues that the Court may deny Mr. Mitchell's motion solely on the ground that his argument that the Controlled Substances Act applies only "to licensed professionals who are registered to manufacture, distribute or dispense controlled substances" has already

been rejected twice before. *Id.* "If the Court elects to consider the other factors under Rule 60(b)(4)," the Government continues, "it should reach the same decision" because "the motion challenging the Court's jurisdiction is not timely," "exceptional circumstances do not exist that warrant the extraordinary relief of voiding a judgment," Mr. Mitchell "does not have the 'right stuff' to launch a meritorious motion to dismiss the indictment if his judgment is set aside," and "the Government will be prejudiced if the judgment is set aside." *Id.* at 3-4. In conclusion, the Government reiterates that the Court should deny Mr. Mitchell's motion because "Rule 60(b)(4) is not intended to allow a defendant to advance an argument that has been rejected in a habeas petition," which "is precisely what the defendant is attempting to do here." *Id.* at 4.

## C.    Jermaine Mitchell's Reply

Mr. Mitchell opens his reply by disputing the Government's characterization of his argument. *Pet'r's Reply* at 1. Mr. Mitchell agrees with the Government that he argued in his § 2255 petition that "the term 'any person'" in 21 U.S.C. § 841(a)(1) "was in reference to 'registrants.'" *Id.* But here, he counters, his argument is "that the alleged conspiracy or 'agreement' to 'distribute' and possess with intent to 'distribute' a substance or drug that is designated in Schedule II as a controlled substance, standing alone, is not an offense 'against the laws of the United States.'" *Id.* Therefore, Mr. Mitchell asserts, the Government "failed to address the Movant's Rule 60(b)(4) motion on its merits." *Id.*

After making this point, Mr. Mitchell uses the remainder of his reply to

"magnify the substance of the Rule 60(b)(4) motion." *Id.* at 2. Mr. Mitchell first accuses the Government of quoting statements from his original motion out of context." *Id.* at 2-3. He claims that his Rule 60(b)(4) motion "is not a collateral attack on his federal conviction or sentence, such as attacking any errors that occurred at trial or at sentencing." *Id.* at 3-4. Instead, according to Mr. Mitchell, his Rule 60(b)(4) motion "does challenge the validity of a court order," namely, the Court's resolution of his § 2255 petition. *Id.* at 3. Further, Mr. Mitchell avers that a challenge to jurisdiction may be brought at any time, and that granting his motion would not prejudice the Government because there would be no cognizable case to relitigate. *Id.* at 4.

In conclusion, Mr. Mitchell reiterates that "there was no description or allegation based on factual content constituting that the alleged agreement to distribute or possess with intent to distribute a controlled substance was in violation of a statutory requirement or implementing Administrative Regulation." *Id.* at 5. As a result, he requests that the Court's denial of his § 2255 petition be "set aside to prevent a continuing injustice on the grounds that the court lacked personal and subject matter jurisdiction to enter the order denying relief to the § 2255 motion." *Id.*

## III.   DISCUSSION

### A.   Rule 60(b) Challenges to 28 U.S.C. § 2255 Orders

#### 1.   A Second Habeas Petition in the Guise of a Rule 60(b) Motion

Mr. Mitchell's motion purports to challenge the Court's denial of his § 2255 petition based on Federal Rule of Civil Procedure 60(b)(4), which provides:

**Rule 60. Relief from a Judgment or Order**

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>  **(4)** the judgment is void.

The United States District Court for the District of Massachusetts addressed Rule 60(b) challenges to § 2255 petitions in *United States v. Zimny*, *supra*.  In *Zimny*, the petitioner argued that the district court's denial of his § 2255 petition was void because it failed to fully address his claims on the merits.  2021 U.S. Dist. LEXIS 145241, at *2.  In adjudicating this challenge, the district court first observed that "Rule 60(b) may not be used to advance a 'claim' that is, in effect, a successive habeas petition."  *Id.* (quoting *United States v. Durrani*, No. 5:86-cr-59, 2017 U.S. Dist. LEXIS 121401, at *10-11 (D. Conn. Aug. 2, 2017)).  Quoting the United States Supreme Court, the *Zimny* court went on to explain:

> A motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.  That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* (alteration in original) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).  Therefore, when faced with a Rule 60(b)(4) motion challenging the denial of a § 2255 petition, the court must first determine whether the motion attacks the merits of the § 2255 order or a procedural defect in the § 2255 proceedings.

On its face, Mr. Mitchell's motion is procedural, as Mr. Mitchell purports to challenge the Court's jurisdiction over his § 2255 petition.  But a closer examination of the motion casts doubt on this characterization.  According to Mr. Mitchell, the Court's lack of jurisdiction stemmed from a defect in the indictment in his underlying criminal case.  *See Pet'r's Reply* at 5 (arguing that "there was no description or allegation based on factual content constituting that the alleged agreement to distribute or possess with intent to distribute a controlled substance was in violation of a statutory requirement or implementing Administrative Regulation").  Indeed, Mr. Mitchell nowhere tethers his jurisdictional argument to any aspect of the § 2255 proceeding; all his arguments address the indictment in the underlying criminal case.

It strikes the Court that Mr. Mitchell's jurisdictional argument is not an attack on "some defect in the integrity of the habeas proceedings," *see Gonzalez*, 545 U.S. at 532, but is instead a veiled attempt to submit a second habeas petition.  At its core, Mr. Mitchell's Rule 60(b)(4) motion makes the same argument as his § 2255 petition: that a defect in the indictment in his criminal case renders his conviction invalid.  *Compare Pet'r's Habeas Mot.* at 13 ("The Court lacked subject matter jurisdiction over the movant . . . ."), *and id.* ("The indictment was insufficient, it did not charge an offense against the laws of the United States"), *with Pet'r's Mot.* at 8 ("The court does not have an arguable basis by which it can find that it was vested with subject matter jurisdiction because, (1) the charging instrument did not set forth offenses against the laws of the United States . . . .").

True, the contours of Mr. Mitchell's argument are slightly different here, but Mr. Mitchell's insistence that he is raising a new argument obfuscates that he is once again seeking to invalidate his conviction based on his disagreements about how to interpret 21 U.S.C. § 841(a).  *See Boyd v. United States*, No. 00-612-ML, 2005 U.S. Dist. LEXIS 32989, at *7 (D.R.I. Sept. 7, 2005) (rejecting a criminal defendant's Rule 60(b)(4) motion challenging the denial of his § 2255 petition because the motion did not "contest any procedural irregularity in the procurement of the judgment dismissing his § 2255 motion but rather seeks to attack the validity of his underlying conviction and sentence").  Because Mr. Mitchell's Rule 60(b)(4) motion is merely an attempt to advance the same conclusion through new arguments, the Court regards it as a prohibited successive habeas petition.  *See Zimny*, 2021 U.S. Dist. LEXIS 145241, at *2.

First Circuit caselaw makes it clear that in situations, like this one, where a criminal defendant files a motion under Federal Rule of Civil Procedure 60(b) that is more properly characterized as a successive habeas petition, courts have the authority to treat the Rule 60(b) motion as a habeas petition.  *See Munoz v. United States*, 331 F.3d 151, 152-53 (1st Cir. 2003) (per curiam).  Indeed, the First Circuit has explicitly held "that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case 'should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction.'"  *Id.* (quoting *Rodwell v. Pepe*, 324 F.3d

10

66, 67 (1st Cir. 2003)).  As the Court has already explained, the substance of Mr. Mitchell's motion challenges the constitutionality of his underlying conviction, meaning that it is in reality a second petition under 28 U.S.C. § 2255.

28 U.S.C. § 2255 severely restricts the circumstances under which individuals may file multiple petitions.  Specifically, before a petitioner may file a "second or successive motion," they must receive a certification "as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  Mr. Mitchell apparently sought to obtain such a certification prior to filing the instant motion, but the Court of Appeals for the First Circuit denied his request.  *J.* (ECF No. 916).  In the absence of a certification from the First Circuit, the Court may not entertain Mr. Mitchell's motion.  *See Boyd*, 2005 U.S. Dist. LEXIS 32989, at *7-8 (finding, when assessing a Rule 60(b) motion recharacterized as a successive petition under 28 U.S.C. § 2255, that absent authorization by the court of appeals, "this Court is without jurisdiction to consider the motion").  Therefore, the Court rejects Mr. Mitchell's motion as an attempt to effectuate "an impermissible 'end run' around the requirements of the statute."  *Id.* at *8.

### 2.    The Motion Fails on Its Merits

Even though the Court is satisfied that Mr. Mitchell's motion is procedurally barred, it turns to the merits for reasons of judicial efficiency.  If the Court of Appeals disagrees with the procedural bar, it will have this Court's ruling on the merits to review.  As the First Circuit has explained, "relief under Rule 60(b) is extraordinary in nature and [] motions invoking that rule should be granted sparingly." *Nansamba*

*v. N. Shore Med. Ctr.*, 727 F.3d 33, 37 (1st Cir. 2013) (alteration in original) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).  "A party seeking such relief must demonstrate 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'"  *Id.* at 37-38 (quoting *Fisher v. Kadant, Inc.*, 589 F.3d 505, 512 (1st Cir. 2009)).

Here, Mr. Mitchell has pointed to nothing that suggests he would be able to mount a meritorious claim or defense were the Court to grant his motion.  Decades of caselaw make it clear that the Government need not prove that a person accused of violating 21 U.S.C. § 841(a) was also in violation of the registration provisions of the Controlled Substances Act.  *See, e.g.*, *United States v. Santiago*, 62 F.4th 639, 644 (1st Cir. 2023) (rejecting a sufficiency of the evidence challenge to a conviction under 21 U.S.C. § 841 "because the evidence suffices to show that Santiago possessed fentanyl with the intent to distribute it . . . and because it also suffices to show that Santiago was engaged in distributing fentanyl"); *United States v. García-Carrasquillo*, 483 F.3d 124, 130 (1st Cir. 2007) ("In order to prove possession with intent to distribute [under 21 U.S.C. § 841], the government must show that the defendants knowingly and intentionally possessed, either actually or constructively, a controlled substance with the specific intent to distribute").  The Court has now repeatedly evaluated Mr. Mitchell's arguments that more is required of the Government, and it concludes that those contentions are unpersuasive.  Therefore, the Court concludes that Mr. Mitchell

has failed to demonstrate under Federal Rule of Civil Procedure 60(b)(4) that the Court's denial of his § 2255 motion must be vacated.

**B.    Judicial Notice**

Beyond seeking to void the Court's denial of his § 2255 motion, Mr. Mitchell asks the Court to take judicial notice of two sections of the United States Code and three sections of the Code of Federal Regulations. *Pet'r's Mot.* at 4, 7.  Mr. Mitchell does not specify whether he is asking the Court to take judicial notice of these laws and regulations as adjudicative facts or as matters of law. *See Getty Petroleum Mktg., Inc. v. Cap. Terminal Co.*, 391 F.3d 312, 321-23 (1st Cir. 2004) (Lipez, J., concurring) (distinguishing between judicial notice of fact and judicial notice of law).

To the extent Mr. Mitchell is asking the Court to take judicial notice of these provisions as adjudicative facts, the Court addressed in a previous order a request by Mr. Mitchell to take judicial notice of prior caselaw, and the reasoning in that order applies with equal force here. *See Order on Pending Mots.* at 14-15.  As the Court noted in its prior order, judicial notice under Federal Rule of Evidence 201 "is not clearly an appropriate mechanism for acknowledging persuasive authority." *Recent Past Pres. Network v. Latschar*, 701 F. Supp. 2d 49, 55 (D.D.C. 2010).  Like judicial decisions, provisions of the United States Code and the Code of Federal Regulations are matters of law, not evidence, meaning that the Court is not required to take judicial notice of them under Federal Rule of Evidence 201.

To the extent Mr. Mitchell is asking the Court to take judicial notice of these statutes and regulations as matters of law, "in the federal system, '[t]he law of any

13

state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice without plea or proof.'" *Getty Petroleum Mktg., Inc.*, 391 F.3d at 320 (majority opinion) (alteration in original) (quoting *Lamar v. Micou*, 114 U.S. 218, 223 (1885)). In light of this obligation, the Court has reviewed the provisions of the United States Code and Code of Federal Regulations cited by Mr. Mitchell but finds them unpersuasive. 21 U.S.C. § 822(a)(1), as well as the cited sections of the Code of Federal Regulations, merely discuss registration requirements under the Controlled Substances Act. *See* 21 U.S.C. § 822(a)(1); 21 C.F.R. § 1301.11(a) (2022); 21 C.F.R. § 1301.13(a) (2022); 21 C.F.R. § 1301.13(e)(1) (2022). Even read in combination, they do not stand for the proposition that the Government must specifically allege that an individual accused of violating 21 U.S.C. § 841(a)(1) was also violating the statutes and regulations related to registration. Likewise, 18 U.S.C. § 3231 merely discusses jurisdiction in the context of a criminal case. Therefore, while the Court has considered the statutes and regulations that are the subject of Mr. Mitchell's request for judicial notice, it concludes that they are unhelpful and unpersuasive.

## IV.   CONCLUSION

The Court DENIES Jermaine Mitchell's Rule 60(b)(4) Motion to Void Judgment (ECF No. 917).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2024